JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

NEVADA JET VENTURES, LLC,

     Plaintiff,

v.

EXCELAIRE LLC,

     Defendant.

Case No. 2:25-cv-07683-SB-PD

ORDER DISMISSING ACTION FOR LACK OF SUBJECT-MATTER JURISDICTION WITHOUT PREJUDICE

     Plaintiff Nevada Jet Ventures, LLC filed this suit against Defendant ExcelAire LLC on August 15, 2025, asserting diversity jurisdiction as the sole basis for federal jurisdiction.  Dkt. No. 1 ¶ 10.  The complaint alleges:

     6.    Plaintiff Nevada Jet Ventures, LLC, is a Nevada limited liability company with its principal place of business in Van Nuys, California.

     7.    Defendant ExcelAire LLC, a Delaware limited liability company with its principal place of business in Ronkonkoma, New York.

Dkt. No. 1 at 3.

     The Ninth Circuit has long ago held that the citizenship of a limited liability company (LLC) is determined by the citizenship of its members.  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").  Although both parties in this case are LLCs, Plaintiff failed to allege the citizenship of either party's members.

As a result, the Court ordered Plaintiff to show cause why the case should not be dismissed for lack of subject-matter jurisdiction, explaining: "As the party invoking federal jurisdiction, Plaintiff has the burden of showing that diversity is complete by alleging the identity and citizenship of all members of Plaintiff and Defendant (tracing through as many layers as may be necessary)." Dkt. No. 10. Plaintiff responded by filing a declaration stating that its sole member maintains his "principal residence" in California, that it is not "aware . . . that [Defendant] includes any members residing in" California, and that it is "informed and believe[s] [Defendant's] business activities and ownership is limited to the states of New York and Texas." Dkt. No. 11 ¶¶ 3–4.

Plaintiff's response falls far short. It is axiomatic that a federal court must "presume[] that a cause lies outside [its] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (cleaned up). Plaintiff has not identified Defendant's members or alleged their citizenship. On the contrary, it concedes that it filed this federal lawsuit without knowing Defendant's membership. Dkt. No. 11 ¶ 4 (admitting that Plaintiff's counsel "do[es] not have a list of [Defendant's] membership"). In light of this concession, Plaintiff's statement that it is not "aware . . . that [Defendant] ExcelAir LLC includes any members residing in the State of California" is meaningless. *Id.* Absent knowledge of the LLC's membership, Plaintiff is simply in no position to allege the citizenship of its members. For the same reason, Plaintiff's counsel's belief that Defendant's "business activities and ownership is [sic] limited to the states of New York and Texas" is deficient. *Id.*

In short, Plaintiff filed this lawsuit based on diversity jurisdiction without knowing the membership—let alone the citizenship—of the members of ExcelAir LLC. This is contrary to Ninth Circuit law. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (holding that "a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties"); *see also Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1088 (9th Cir. 2014) (citing *Kanter* and noting "the general requirement that [a removing defendant] must plead diversity affirmatively and on knowledge" absent "unusual circumstances"); *Sanchez v. Ameriflight, LLC*, 724 F. App'x 524, 526 (9th Cir. 2018) (finding no jurisdiction when the removing party failed to "identify any specific putative class member that was diverse"). This action is therefore dismissed without prejudice for lack of subject-matter jurisdiction. *See Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 989 (9th Cir. 2003) (affirming sua sponte dismissal for lack of jurisdiction); *see also* Fed. R. Civ. P.

12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").


Date: September 11, 2025

Stanley Blumenfeld, Jr.
United States District Judge